UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Megan Hemling, individually and as
Personal Representative for the Spouse
and Children of Robert J. Hemling, Decedent,

        Plaintiff,                Civil Action No. 3:19-cv-894-jdp

vs.

Soo Line Railroad Company, a corporation,
d/b/a Canadian Pacific, a Minnesota corporation;
Cedar Creek, LLC, a domestic limited
liability company,

        Defendants.

## CEDAR CREEK, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Cedar Creek, LLC ("Cedar Creek") respectfully submits the following Opposition to Plaintiff's Motion to Compel ("Motion") to address and respond to the portions of Plaintiff's Motion that pertain to Cedar Creek.

### INTRODUCTION

Plaintiff's Motion in regard to Cedar Creek is wholly untimely, improper, and deficient; and thus, must be denied in its entirety. Specifically, Plaintiff failed to meet and confer in good faith with Cedar Creek prior to brining her Motion as required by Federal Rule of Civil Procedure 37(a) in regard to both the alleged report prepared by former Cedar Creek employee, W.C. Hunt, and in regard to Plaintiff's unfounded and unspecified allegations in relation to the documents included on Cedar Creek's Privilege Log. Plaintiff's blatant failure to comply with

the meet and confer requirements of Rule 37 alone are grounds for the Court to deny Plaintiff's Motion.

Moreover, Plaintiff made one – and only one – request to Cedar Creek in regard to the alleged report prepared by former Cedar Creek employee, W.C. Hunt – which was via done via letter to Cedar Creek's counsel dated July 7, 2020 (*see* Exhibit 2 to the Affidavit of Thomas W. Fuller (herein after "Fuller Affidavit")). Plaintiff never contacted Cedar Creek in any way in regard to the alleged report prior to bringing this motion. In regard to Plaintiff's baseless allegations in relation to the documents noted in Cedar Creek's Privilege Log, Plaintiff did not communicate with Cedar Creek at all – not even one letter – prior to brining her Motion. Accordingly, Plaintiff's Motion is untimely, improper, and deficient – and must be denied.

Finally, in regard to Plaintiff's baseless allegations in relation to the documents noted in Cedar Creek's Privilege Log, Plaintiff's Motion fails to even indicate which of the few documents included in Cedar Creek's Privilege Log Plaintiff takes issue with; and instead, indicates that "the records and photographs listed on Cedar Creek's privilege log appear to contain facts to which Plaintiff is entitled." (*see* Plaintiff's Motion, p. 14). Plaintiff's allegation provides no evidence or basis to support Plaintiff's claim, and also lacks the necessary specificity for the Court to determine what Plaintiff is even alleging. Accordingly, Plaintiff's Motion is improper, deficient, and must be denied.

Thus, Cedar Creek respectfully requests that the Court deny Plaintiff's Motion in its entirety as it relates to Cedar Creek, and award Cedar Creek its reasonable expenses – including attorney's fees – incurred in opposing Plaintiff's wholly untimely, improper and deficient Motion pursuant to Rule 37.

**<u>FACTS RELEVANT TO THE MOTION AS IT PERTAINS TO CEDAR CREEK</u>**

Plaintiff's Motion is replete with misrepresentations of the factual record as in regard to Cedar Creek; however, Cedar Creek will not take the Court's time by correcting each of these misrepresentations here. Instead, Cedar Creek will only address and correct Plaintiff's misrepresentations that are relevant to Plaintiff's Motion, and will do so in summary fashion below:

- Early in the litigation – and well before the Parties began conducting depositions – Cedar Creek conducted a thorough search, review, and examination of any and all documents and information in Cedar Creek's possession that related to Mr. Hemling's incident in order to fully and properly respond to Plaintiff's discovery requests, and to produce all requested documents and information to all Parties to the litigation as required by the Federal Rules of Civil Procedure (*see* Declaration of Jeffrey A. Abrahamson in Support of Cedar Creek, LLC's Opposition to Plaintiff's Motion to Compel, ¶ 2 (hereinafter, "Abrahamson Declaration")).

- The deposition of former Cedar Creek employee W.C. Hunt was taken on July 7, 2020 (*see* Fuller Affidavit, Exhibit 14).

- During his July 7, 2020 deposition, W.C. Hunt testified that he believed that he had prepared a brief report in regard to Mr. Hemling's incident (*see* Fuller Affidavit, Exhibit 14).

- Contrary to Plaintiff's unsupported assertion in her Motion, W.C. Hunt did not testify during his deposition that the alleged report contained any "admission to the effect that Cedar Creek stacked the lumber too close to the rail and it crushed Hemling *see* Plaintiff's Motion, p. 13 and Fuller Affidavit, Exhibit 14).

- W.C. Hunt testified during his July 7, 2020 deposition that he did not have a copy of the alleged report, but that he thought that he had provided a copy to Cedar Creek when he left the company (*see* Fuller Affidavit, Exhibit 14).

- Plaintiff's counsel sent a letter to Cedar Creek's counsel on July 7, 2020 requesting a copy of the alleged report referenced by W.C. Hunt during Mr. Hunt's July 7, 2020 deposition (*see* Fuller Affidavit, Exhibit 2).

- Contrary to Plaintiff's unsupported assertions in her Motion, Cedar Creek's counsel did not have a copy of the alleged report referenced by W.C. Hunt at any time prior to Mr. Hunt's deposition (*see* Abrahamson Declaration, ¶ 3).

- Upon receipt of the July 7, 2020 letter from Plaintiff's counsel requesting a copy of the alleged report referenced by W.C. Hunt, Cedar Creek's counsel requested that Cedar Creek conduct another thorough search, review, and examination of any and all documents and information in Cedar Creek's possession that related to Mr. Hemling's incident in an effort to determine if the alleged report existed; and if so, to locate the alleged report in order to produce it to Plaintiff and all Parties to the litigation (*see* Abrahamson Declaration, ¶ 4).

- Over the course of the following weeks, Cedar Creek conducted another thorough search, review, and examination of any and all documents and information in Cedar Creek's possession that related to Mr. Hemling's incident in an effort to determine if the alleged report existed; and if so, to locate the alleged report and produce it to Plaintiff and all Parties to the litigation (*see* Abrahamson Declaration, ¶ 5).

- Cedar Creek recently completed this additional thorough search, review, and examination of any and all documents and information in Cedar Creek's possession that related to Mr. Hemling's incident in an effort to determine if the alleged report existed; and if so, to locate the alleged report and produce it to Plaintiff and all Parties to the litigation; however, Cedar Creek did not locate any such alleged report (*see* Abrahamson Declaration, ¶ 6).

- Cedar Creek's counsel intended to prepare formal correspondence to Plaintiff's counsel – copying counsel for all Parties – indicating that Cedar Creek did not locate, and does not have in its possession, the alleged report referenced by W.C. Hunt during his July 7, 2020 deposition, or any

other such alleged report prepared by W.C. Hunt; however, Plaintiff filed and served her Motion before Cedar Creek's counsel had an opportunity to do so (*see* Abrahamson Declaration, ¶ 7).

- If Plaintiff's counsel had contacted Cedar Creek's counsel prior to bringing Plaintiff's Motion, Cedar Creek's counsel would have informed Plaintiff's counsel that Cedar Creek does not have in its possession any alleged report related to Mr. Hemling's incident prepared by W.C. Hunt (*see* Abrahamson Declaration, ¶ 8).

- Plaintiff's counsel did not contact Cedar Creek's counsel in regard to Plaintiff's baseless allegations in relation to the documents included in Cedar Creek's Privilege Log prior to bringing her Motion (*see* Abrahamson Declaration, ¶ 9).

## **ARGUMENT**

### I.  **Plaintiff' Failed to Meet and Confer as Required by Rule 37(a)(1).**

Federal Rule of Civil Procedure 37(a)(1) requires that where a party moves the Court for an Order compelling discovery, the "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

Importantly, the meet and confer requirement of Rule 37(a)(1) is not met simply by a party including the certification in their motion; instead, the requirement "must be taken seriously" as it is a "deliberate imperative for the parties to confer outside of the courthouse and see a resolution to discovery disputes without the intervention of the court." *Wilbur v. County of Waukesha*, No. 14-CV-0046-PP, 2016 WL 4082666, at *2 (E.D. Wis. July 29, 2016) (*internal citations omitted*). "What matters is that there is a true-back-and-forth dialogue."

*Vukadinovich v. Hanover Cmty. Sch. Corp.*, No. 2:13-CV-144-PPS, 2014 WL 667830, at *3 (N.D. Ind. Feb. 20, 2014).

The courts have identified a two-prong test to determine whether Rule 37's meet and confer requirement has been met. *See Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996). In *Shuffle*, the Court set forth the two prongs: First, the moving party must provide a certification from counsel which accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute – which is the certification requirement. *Shuffle Master*, 170 F.R.D. at 170 (*internal citations and quotations omitted*). The *Shuffle* court then set forth the second prong: The moving party must actually confer or attempt to confer in good faith—the performance requirement. *Id.* Moreover, the moving party must move beyond cursory statements and "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id.* at 171.

A good faith attempt requires more than the "the perfunctory parroting of statutory language," it requires a "genuine attempt to resolve the discovery dispute through non judicial means." *Id.* Doing so accomplishes the underlying policy of Rule 37(a)(1) and LR 26-7(b) – which is "to facilitate communication between the parties while also reducing the potential costs of prematurely bringing a dispute before the Court." *Milwaukee Elec. Tool Corp. v.*

6

*Chervon N. Am. Inc.*, No. 14-CV-1289-JPS, 2015 WL 4393896, at *2 (E.D. Wis. July 16, 2015). Moreover, "[n]ot only must the movant exhibit good faith, but the party need actually attempt a meeting or conference. *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399-400 (2012). This "conferment requirement entails two way communication, communication which is necessary to genuinely discuss any discovery issues and to avoid judicial recourse." *Id.* (*internal citations and quotations omitted*).

Numerous courts have outlined what efforts are insufficient to constitute a good faith conferral or attempt to confer. As examples, see *Limtiaco v. Auction Cars.com, LLC,* No. 2:11-CV-00370-MMD-CWH, 2012 WL 5179708, at *3 (D. Nev. Oct. 17, 2012) (concluding that several letters identifying the perceived failings of the defendant's discovery responses did not constitute the necessary effort required by Rule 37); *Velazquez–Perez v. Developers Diversified Realty Corp.,* 272 F.R.D. 310, 312 (D.P.R. 2011) (determining the emails and letters sent to defendant did not reveal that a good faith effort was made); *Robinson v. Napolitano,* No. CIV. 08–4084, 2009 WL 1586959, at *3 (D.S.D. June 4, 2009) (finding that the government's letter to the plaintiff, outlining why his discovery responses were deficient, did not satisfy the meet-and-confer requirement); *Williams v. Board of County Com'rs of Unified Gov't of Wyandotte County and Kansas City, Kan.,* 192 F.R.D. 698, 699 (D. Kan. 2000) (clarifying that "sending unanswered correspondence to opposing counsel demanding discovery be produced by a specific deadline" does not satisfy the duty to confer); *Cotracom*

7

*Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 456, 459 (D. Kan. 1999) (deciding that "parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery" by an arbitrary deadline, because the parties need to "deliberate, confer, converse, [and] compare views"); *Shuffle Master,* 170 F.R.D. at 172 (stating that "[t]elecopied demand letters to opposing counsel demonstrate" both a lack of good faith and a lack of conferment).

Finally, and directly on point in regard to Plaintiff's Motion, courts have found that one letter to the opposing party is insufficient to satisfy Rule 37's meet and confer requirement. *See Compass Bank*, 287 F.R.D. at 400 ("**Plaintiff's single letter unilaterally identifying flaws in Defendant's discovery responses and setting an arbitrary response deadline for Defendant would seem to be inadequate, as it does not equate to a good faith conferral or attempt to confer**."); *see also*, *Wilbur v. County of Waukesha*, No. 14-CV-0046-PP, 2016 WL 4082666, at *2 (E.D. Wis. July 29, 2016) ("In situations where certification of good faith conferencing is ambiguous and where, as here, the only evidence that the parties conferred is in the form of exchanged letters, courts have been unwilling to decipher letters between counsel to conclude that the requirement has been met." (*internal citations omitted*)); *Day v. Forman Automotive Group*, No. 2:12-CV-00577-JMC-CWH, 2012 WL 13055489, at *2 (D. Nev. Aug. 14, 2012) ("Absent compelling circumstances not present here, the mere exchange of letters has long been seen as insufficient to satisfy the

8

"personal consultation" requirement in this district."); *Carter v. Allison McGowan*, No. 16-CV-838-JPS, 2017 WL 530517, at *1 (E.D. Wis. Feb. 9, 2017) (Plaintiff's motion to compel denied as the Parties exchange a letter, but "did not actually confer" regarding the discovery dispute).

Here, it is undisputed that Plaintiff has completely failed to comply with Rule 37's meet and confer requirement. Specifically, in regard to the alleged report referenced by W.C. Hunt, Plaintiff sent one letter – and only one letter – to Cedar Creek's counsel. No other communications were made by Plaintiff's counsel in regard to the alleged report prior to Plaintiff brining her Motion. In regard to Plaintiff's allegations in relation to the documents included on Cedar Creek's Privilege Log, Plaintiff did even less prior to bringing her Motion – nothing at all. Accordingly, Plaintiff's Motion is wholly untimely, improper, and deficient; and thus, must be denied in its entirety.

II. **Plaintiff's Motion is Untimely, Improper and Deficient.**

In addition to failing to comply with Rule 37's meet and confer requirement, Plaintiff's Motion is also untimely, improper and deficient on its face. Specifically, courts have determined that in order for a Motion to Compel to be "a facially valid motion," the certification required by Rule 37 "must accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shuffle Master, Inc.*, 170 F.R.D. at 170; *see also*, *Compass Bank*, 287 F.R.D. at 398. "Thus, the certification should include the names of the parties who conferred or attempted to confer, the

manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any." *Compass Bank*, 287 F.R.D. at 398.

This requirement was added to advance the underlying purpose of Rule 37 – namely to "lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes" (*Day v. Forman Automotive Group*, No. 2:12-CV-00577-JMC-CWH, 2012 WL 13055489, at *1 (D. Nev. Aug. 14, 2012) (*citing Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993)) as "[t]he Court has neither the time nor inclination to involve itself in an aspect of the case which our legal system entrusts to attorneys to handle in a cooperative professional manner." *Greenfield Rehabilitation Agency, Inc. v. Wolverton Operations, LLC*, No. 18-CV-1891-JPS-JPS, 2019 WL 5788775, at *2 (E.D. Wis. Nov. 6, 2019).

Here, Plaintiff's Motion is untimely as Plaintiff brought her Motion in regard to the alleged report referenced by W.C. Hunt in his deposition after one letter – and only one letter – to counsel for Cedar Creek without ever further contacting or conferring with Cedar Creek, and Plaintiff brought her Motion in regard to the documents included in Cedar Creek's Privilege Log without ever conferring with Cedar Creek prior to bringing her Motion. In addition, Plaintiff's Motion is improper and facially deficient as Plaintiff has completely failed to provide the Court and Cedar Creek with the information and specificity required by Rule 37 in

regard to the requests in Plaintiff's Motion related to the alleged report referenced by W.C. Hunt and the documents included in Cedar Creek's Privilege Log. Finally, Plaintiff's Motion is improper and deficient in regard to the requests in Plaintiff's Motion related to the documents included in Cedar Creek's Privilege Log as Plaintiff's Motion fails to indicate which of the documents Plaintiff takes issue with; and instead, indicates that "the records and photographs listed on Cedar Creek's privilege log appear to contain facts to which Plaintiff is entitled." In short, Plaintiff's allegation provides no evidence or basis to support Plaintiff's claim; and again, lacks the specificity Required by Rule 37.

III. **Due to Plaintiff's Disregard for the Requirements of Rule 37, and the Resulting Waste of the Court's and Cedar Creek's Resources and Time, Cedar Creek Respectfully Requests that the Court Award Cedar Creek its Reasonable Costs and Attorney's Fees Incurred in Opposing Plaintiff's Motion.**

Rule 37(a)(5)(B) provides that where a motion to compel is denied:

> the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

*Id.*

Here, due to the reasons set forth above – including but not limited to: (1) Plaintiff's complete failure to properly and timely meet and confer with Cedar Creek as required by Rule 37 in regard to the alleged report referenced by W.C. Hunt and Plaintiff's allegations in regard to the documents included on

11

Cedar Creek's Privilege Log; (2) Plaintiff's Motion being improper and deficient on its face in regard to both of Plaintiff's allegations due to the lack of the necessary information and specificity required by Rule 37; (3) Plaintiff's Motion being improper and deficient in regard to Plaintiff's allegations related to the documents included on Cedar Creek's Privilege Log as Plaintiff failed to indicate which of the documents Plaintiff takes issue with, and failed to provide any evidence and/or specificity to support Plaintiff's allegations; and (4) the waste of the Court's and Cedar Creek's resources and time due to Plaintiff's failure to properly comply with Rule 37 – Cedar Creek respectfully requests that the Court award Cedar Creek its reasonable expenses and attorney's fees incurred in opposing Plaintiff's Motion.

## **CONCLUSION**

As set forth in detail above, Plaintiff has failed to comply with the meet and confer requirements of Rule 37, and Plaintiff's Motion is untimely, improper, and deficient in regard to Plaintiff's allegations against Cedar Creek. Accordingly, Cedar Creek respectfully requests that the Court deny Plaintiff's Motion in its entirety and requests that the Court award Cedar Creek its reasonable expenses and attorney's fees incurred in opposing Plaintiff's Motion as set forth in Rule 37(a)(5)(B).

Dated: August 8, 2020    **HKM, P.A.**

s/Jeffrey A. Abrahamson
Daniel A. Haws #1004430
Jeffrey A. Abrahamson #1090946
30 East Seventh Street, Suite 3200
St. Paul, MN  55101-4919
Telephone: 651-227-9411
Facsimile: 651-223-5199
dhaws@hkmlawgroup.com
jabrahamson@hkmlawgroup.com
Attorneys for Defendant
Cedar Creek, LLC

4826-0180-8327, v. 2